UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| OUR CHILDREN'S EARTH FOUNDATION, | Case No. 1:20-cv-8232 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| ANDREW WHEELER, in his official capacity as Administrator of the EPA, | (Clean Air Act, 42 U.S.C. §§ 7401-7515) |
| Defendants. | |

---

Plaintiff Our Children's Earth Foundation alleges as follows:

## INTRODUCTION

1. The Clean Air Act is a model of cooperative federalism whereby the Administrator of the Environmental Protection Agency ("EPA") sets National Ambient Air Quality Standards ("NAAQS") and the states develop specific plans to achieve these standards. States submit these State Implementation Plans, and revisions to these State Implementation Plans (collectively "SIPs"), to EPA, which reviews the SIPs to ensure they meet the requirements of the Clean Air Act.

2. The Clean Air Act mandates that the Administrator fully or partially approve or disapprove SIPs and SIP revisions submitted by states no later than 18 months after EPA receives them.

3. The Administrator has violated his mandatory 18-month deadline to take action on certain SIP revisions submitted by the State of New York.

1

4. Plaintiff Our Children's Earth brings this Clean Air Act citizen suit to compel Defendant Andrew Wheeler, Administrator of the EPA, to perform his non-discretionary duty to review and take action on the New York SIP submissions at issue in this case. The timely review of these SIP submissions is necessary to ensure adequate protection of air quality and public health.

## JURISDICTION

5. This is an action against the Administrator where there is alleged a failure of the Administrator to perform an act or duty under the Clean Air Act which is not discretionary with the Administrator. Thus, this Court has jurisdiction pursuant to 42 U.S.C. § 7604(a)(2) (citizen suit provision of the Clean Air Act) and 28 U.S.C. § 1331 (federal question).

6. The requested declaratory relief is authorized by 28 U.S.C. § 2201(a) and 42 U.S.C. § 7604(a). The requested injunctive relief is authorized by 28 U.S.C. § 2202 and 42 U.S.C. § 7604(a).

7. This Court has personal jurisdiction over EPA and its officials, including Administrator Wheeler, because EPA is an agency of the federal government operating within the United States.

## NOTICE

8. By letter dated July 6, 2020, Our Children's Earth provided the Administrator with written notice of the claims concerning the New York SIP submissions at issue in this action. Our Children's Earth provided this notice pursuant to 42 U.S.C. § 7604(b)(2) and 40 C.F.R. §§ 54.2, 54.3. Although more than 60 days have elapsed since Our Children's Earth gave notice, Administrator Wheeler remains in violation of the law.

9. As Administrator Wheeler has failed to redress the Clean Air Act violations set forth in Our Children's Earth's notice letter referenced in paragraph 8, there

exists now between the parties an actual, justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201.

## VENUE

10.     Venue in the United States District Court for the Southern District of New York is proper under 28 U.S.C. § 1391(e) because at least one defendant resides in the judicial district, a substantial part of the events giving rise to this litigation occurred within this judicial district, and there is no real property involved in the action.

## THE PARTIES

11.     Plaintiff OUR CHILDREN'S EARTH FOUNDATION is a non-profit corporation dedicated to protecting the environment. Our Children's Earth promotes public awareness of domestic and international environmental impacts through information dissemination, education, and private enforcement of environmental protection statutes. Our Children's Earth enforcement cases aim to achieve public access to government information, ensure proper implementation of environmental statutes and permitting, and enjoin violations of environmental and government transparency laws. Our Children's Earth has an active membership of people from all over the United States with a significant portion of its members residing in New York.

12.     Our Children's Earth is a non-profit corporation.  Therefore, Our Children's Earth is a "person" within the meaning of 42 U.S.C. § 7602(e).  As such, Our Children's Earth may commence a civil action under 42 U.S.C. § 7604(a).

13.     Our Children's Earth brings this action on its own behalf and on behalf of its adversely affected members and staff. Our Children's Earth's members and staff live, work, bike, recreate, and conduct educational, research, advocacy, and other activities in New York in areas where air pollution, which should be regulated under the SIP submissions at issue in this case, harms their participation in and enjoyment of these activities. The air pollution that should be regulated by these SIP submissions also causes Our Children's Earth's members and staff to experience chronic and acute harms to their

health, which could be lessened or eliminated if the Administrator took the required actions to regulate air pollution through the SIP submissions at issue in this case. Our Children's Earth's members and staff have concrete plans to continue living in and visiting New York and engaging in these activities. The air pollution that should be regulated by the SIP submissions at issue in this lawsuit adversely affects the interests of Our Children's Earth and its members and staff. The Administrator's failure to act on the SIP submissions at issue in this case also creates doubt and concern for Our Children's Earth and its members and staff as to whether they are exposed to illegal levels of air pollution, or whether a Federal Implementation Plan ("FIP") is necessary to ensure compliance with the law. The interests of Our Children's Earth and its members and staff have been, are being, and will continue to be irreparably harmed by the Administrator's failure to act on the SIP submissions at issue in this case.

14. The violations alleged in this Complaint deprive Our Children's Earth and its members and staff of certain procedural rights associated with the Administrator's required action on the SIP submissions, including notice and opportunity to comment. The violations alleged in this Complaint also deprive Our Children's Earth and its members and staff of certain information associated with the Administrator's required action on the SIP submissions. These procedural, informational, and other injuries are directly tied to the other harms Our Children's Earth and its members and staff are experiencing.

15. Furthermore, if the Administrator were to partially or fully disapprove of the SIP revisions at issue in this Complaint, the Administrator would be obligated to promulgate a FIP to correct any deficiencies within two years of any disapproval. Ultimately, the Administrator's failure to act in compliance with his mandatory duties deprives Our Children's Earth and its members and staff of certainty that air quality is being maintained and improved in New York and of the health and other benefits of that clean air.

16.     The violations alleged in this Complaint have injured and continue to injure the interests of Our Children's Earth and its members and staff. These injuries are traceable to the Administrator's failure to act. Granting the requested relief would redress these injuries by compelling the Administrator to act in compliance with what Congress has determined is an integral part of the regulatory scheme for attaining and maintaining NAAQS, and would ultimately lead to provision of the information sought, the vindication of the procedural rights of Our Children's Earth and its members, and cleaner, healthier air that benefits Our Children's Earth's members and all other residents of New York.

17.     Defendant ANDREW WHEELER is Administrator of the United States Environmental Protection Agency. Mr. Wheeler is sued in his official capacity. The Administrator is charged with implementation and enforcement of the Clean Air Act. As described below, the Clean Air Act assigns the Administrator certain non-discretionary duties, and Administrator Wheeler has failed to comply with these duties.

## LEGAL BACKGROUND

18.     The Clean Air Act establishes a partnership between EPA and the states for the attainment and maintenance of NAAQS. *See* 42 U.S.C. §§ 7401-7515. This system is intended to "speed up, expand, and intensify the war against air pollution in the United States with a view to assuring that the air we breathe throughout the Nation is wholesome once again." H.R. Rep. No. 91-1146, at 1 (1970), *reprinted in* 1970 U.S.C.C.A.N. 5356, 5356. Towards this end, EPA has set NAAQS for seven pollutants. *See* 40 C.F.R. §§ 50.4-50.17.

19.     States, or regions within a state, must adopt a pollution control plan that contains enforceable emissions limitations necessary to attain NAAQS and meet applicable requirements of the Clean Air Act, including ensuring attainment, maintenance, and enforcement of NAAQS. *See, e.g.,* 42 U.S.C. § 7410(a)(1), (a)(2)(A).

All such plans must be submitted to and approved by the Administrator.  42 U.S.C. § 7410(a)(1), (k).

20. Within 60 days of the Administrator's receipt of a proposed SIP or SIP revision, the Clean Air Act requires the Administrator to determine whether the submission is sufficient to meet the minimum criteria established by the Administrator for such proposals.  42 U.S.C. § 7410(k)(1)(B).  If the Administrator fails to make this "completeness" finding, the proposed SIP or SIP revision is deemed complete by operation of law six months after submission. *Id.* If the Administrator determines that the proposed SIP or SIP revision does not meet the minimum criteria, the State is considered not to have made the submission. *Id.* § 7410(k)(1)(C).

21. Within 12 months of finding that a proposed SIP or SIP revision is complete (or deemed complete by operation of law), the Administrator must act to approve, disapprove, or approve in part and disapprove in part, the submission.  *See* 42 U.S.C. § 7410(k)(2).  At most then, the Administrator has a maximum of 18 months to take action on a SIP after it has been submitted.

22. Once the Administrator approves a SIP or SIP revision, polluters must comply with all emission standards and limitations contained in the SIP, and all such standards and limitations become federal law and are enforceable by the Administrator and citizens in federal courts.  *See* 42 U.S.C. §§ 7413, 7604(a).

23. If the Administrator finds that a State has failed to make a complete SIP submission or disapproves a SIP submission in whole or in part, the Clean Air Act requires the Administrator to promulgate a FIP within two years of that finding.  42 U.S.C. § 7410(c)(1)(A), (B).

24. If the Administrator fails to perform a non-discretionary duty, such as acting on a proposed SIP or SIP revision within the Clean Air Act deadlines, the Clean Air Act allows any person to bring suit to compel the Administrator to perform that duty. *See* 42 U.S.C. § 7604(a)(2).

**FACTUAL BACKGROUND**

25. This lawsuit concerns seven SIP submissions that the State of New York submitted to EPA between September 16, 2008 and September 25, 2018. A list of these SIP submissions is included as Table 1, below. EPA has not taken final action on any of these SIP submissions, and they are now all overdue.

**Table 1.** Information relating to the seven overdue New York SIP submittals at issue in this lawsuit.

| SIP Submission/Description | Date Submitted | Date Action was Due |
|---|---|---|
| Proposed 2015 Ozone Infrastructure SIP | September 25, 2018 | March 25, 2020 |
| Part 220, Portland Cement Plants and Glass Plants - Reasonably Available Control Technology ("RACT") Determinations | December 18, 2013 | June 18, 2015 |
| Part 230: Gasoline Dispensing sites and Transportation Vehicles - RACT Variances | January 31, 2011 | July 31, 2012 |
| Single-Source State Implementation Plan Revisions, RACT Determinations (2010) | August 30, 2010 | February 29, 2012 |
| Single-Source State Implementation Plan Revisions, RACT Determinations (2008) | September 16, 2008 | March 16, 2010 |
| SIP Revisions Incorporating 6NYCRR Part 218, Emission Standards for Motor Vehicles and Motor Vehicle Engines | December 12, 2017 | June 12, 2019 |
| Proposed Revision to State Plan for Large Municipal Waste Combustors | July 12, 2013 | January 12, 2015 |

26. The first column in Table 1 provides a description of the SIP submissions.

27. The second and third columns of Table 1 provide the date that New York submitted the SIP to EPA and EPA's deadline to take final action on the SIP submission (eighteen months from the submission date).

28. As Table 1 shows, all of the SIPs at issue in this lawsuit were submitted to EPA between September 16, 2008 (Single-Source State Implementation Plan Revisions,

RACT Determinations (2008)) and September 25, 2018 (for the Proposed 2008 Ozone Transport SIP Supplement and the Proposed 2015 Ozone Infrastructure SIP).

29. All of the SIP submissions at issue in this lawsuit were deemed administratively complete no later than six months after submission. The Administrator was then required to take final agency action on all of the SIP submissions at issue in this lawsuit, approving, disapproving, or partially approving and partially disapproving of the submissions, within twelve months of their administrative completion date.

30. As Table 1 shows, the dates by which the Administrator was required to take final action on all of the SIPs at issue in this lawsuit were between March 16, 2010 (Single-Source State Implementation Plan Revisions, RACT Determinations (2008)) and March 25, 2020 (for the Proposed 2008 Ozone Transport SIP Supplement and the Proposed 2015 Ozone Infrastructure SIP submitted on September 25, 2018), twelve months from their administrative completion dates.

31. Within the Single Source State Implementation Plan RACT Determinations are a number of RACT determinations that the State of New York has withdrawn because the underlying source (*i.e.* the air polluting facility) has ceased operating or no longer requires SIP approval. These withdrawals are summarized in a letter sent by the New York State Department of Environmental Conservation to EPA's Regional Administrator (who is based in Manhattan) on May 7, 2020. Our Children's Earth is not challenging the Administrator's failure to approve the RACT determinations for those sources in this lawsuit. Our Children's Earth challenges the Administrator's failure to approve all other RACT determinations submitted by New York, including several overdue RACT determinations on which, in the same May 7, 2020 letter, New York requested that EPA defer acting upon.

32. Each one of the SIP submissions at issue in this lawsuit, listed in Table 1, is still before the Administrator and is awaiting final action in accordance with the Clean Air Act. As of the filing of this Complaint, the Administrator has not granted and

published final full or partial approval or disapproval to the New York SIP submissions referenced in Table 1.

## FIRST CLAIM FOR RELIEF
### Failure to Perform a Non-Discretionary Duty to Act on New York's SIP Submittals

33. Our Children's Earth repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

34. EPA received at least seven SIP submissions from the State of New York between September 16, 2008 and September 25, 2018.

35. The Administrator determined by no later than six months after New York's submission of these SIPs, either in fact or by operation of law, that the New York SIP submissions meet the minimum criteria for SIP submittals and are administratively complete. *See* 42 U.S.C. § 7410(k)(1)(A).

36. Therefore, the Administrator had, and continues to have, a mandatory duty to fully or partially approve or disapprove the New York SIP submissions by no later than 18 months after their submission, 12 months from their administrative completion date. *See* 42 U.S.C. § 7410(k)(2), (3).

37. The Administrator's determinations whether to fully or partially approve or disapprove of the New York SIP submissions were due between March 16, 2010 and March 25, 2020.

38. The Administrator has not fully or partially approved or disapproved the New York SIP submissions.

39. Accordingly, the Administrator has violated and continues to violate its mandatory duty in 42 U.S.C. § 7410(k)(2).

40. This violation constitutes a "failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator," within

the meaning of the Clean Air Act's citizen suit provision. *See* 42 U.S.C. § 7604(a)(2). EPA's violation is ongoing and will continue unless remedied by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief:

    A.    Enter findings and declare that the Administrator has violated and continues to violate the Clean Air Act by failing to take final action on the New York SIP submissions detailed above;

    B.    Enjoin the Administrator to take expeditious final action on the New York SIP submissions detailed above by a date certain.

    C.    Retain jurisdiction over this matter until such time as the Administrator has complied with his non-discretionary duties under the Clean Air Act;

    D.    Grant Plaintiff's costs of litigation, including reasonable attorney fees, pursuant to the citizen suit provision of the Clean Air Act, 42 U.S.C. § 7604(d); and

    E.    Issue any other relief, including injunctive relief, which this Court deems necessary, just, or proper or relief that Plaintiff may subsequently request.

Dated: October 2, 2020        Respectfully submitted,

By:    /S/ Edan Rotenberg

Edan Rotenberg
Super Law Group, LLC
180 Maiden Lane, Suite 603
New York, NY 10038
(212) 242-2355
edan@superlawgroup.com

*Counsel for Our Children's Earth Foundation*