**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

OUR CHILDREN'S EARTH FOUNDATION,

                 Plaintiff,

          v.

MICHAEL S. REGAN, in his official capacity as
the Administrator of the United States
Environmental Protection Agency,

                 Defendant.

No. 20 Civ. 8232 (JPO)

**CONSENT DECREE**

---

### CONSENT DECREE

WHEREAS, Plaintiff Our Children's Earth Foundation ("OCE" or "Plaintiff") filed its Complaint on October 2, 2020, against Andrew R. Wheeler, in his official capacity as the Administrator of the United States Environmental Protection Agency ("EPA" or "Defendant"), pursuant to section 304(a)(2) of the Clean Air Act ("CAA" or "the Act"), 42 U.S.C. § 7604(a)(2);

WHEREAS, Michael S. Regan was sworn in as EPA Administrator on March 11, 2021, and is automatically substituted as a party for former Administrator Andrew Wheeler, pursuant to Federal Rule of Civil Procedure 25(d);

WHEREAS, Plaintiff alleges that EPA has failed to undertake certain non-discretionary duties under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-7671q, and that such alleged failure is actionable under CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2);

WHEREAS, on October 1, 2015, pursuant to CAA section 109(d)(1), 42 U.S.C. § 7409(d)(1), EPA promulgated a final rule revising the primary and secondary ozone

1

National Ambient Air Quality Standard ("NAAQS"), *National Ambient Air Quality Standards for Ozone*, 80 Fed. Reg. 65,292 (Oct. 26, 2015) (the "2015 ozone NAAQS");

WHEREAS, pursuant to CAA section 110(a)(1), 42 U.S.C. § 7410(a)(1), "[e]ach State shall . . . submit to the Administrator, within 3 years . . . after the promulgation of a [primary NAAQS] (or any revision thereof) under section 7409 of this title for any air pollutant, a plan which provides for implementation, maintenance, and enforcement of such primary standard in each air quality control region (or portion thereof) within such State." The submittal required by CAA section 110(a) is often referred to as an infrastructure state implementation plan ("SIP");

WHEREAS, CAA section 110(a)(2)(A)-(M), 42 U.S.C. § 7410(a)(2)(A)-(M), including CAA section 110(a)(2)(D)(i)(I), 42 U.S.C. § 7410(a)(2)(D)(i)(I), often referred to as the "interstate transport" or "good neighbor" provision, requires such SIPs to "contain adequate provisions prohibiting . . . any source or other type of emissions activity within the State from emitting any air pollutant in amounts which will contribute significantly to nonattainment in, or interfere with maintenance by, any other State with respect to any such [NAAQS]";

WHEREAS, the "contribute significantly to nonattainment" clause of the good neighbor provision is often referred to as "prong 1" and the "interfere with maintenance" clause is often referred to as "prong 2";

WHEREAS, CAA section 110(k) sets forth a process for EPA's review of SIP submissions and revisions. 42 U.S.C. § 7410(k). Pursuant to CAA section 110(k)(1)(B), 42 U.S.C. § 7410(k)(1)(B), "[w]ithin 60 days of the Administrator's receipt of a plan or plan revision, but no later than 6 months after the date, if any, by which a State is

required to submit the plan or revision, the Administrator shall determine" whether a SIP submission meets statutory criteria for being complete, and "[a]ny plan or plan revision that a State submits to the Administrator, and that has not been determined by the Administrator (by the date 6 months after receipt of the submission) to have failed to meet the minimum criteria . . . , shall on that date be deemed by operation of law to meet such minimum criteria";

WHEREAS, pursuant to CAA sections 110(k)(2)-(4), 42 U.S.C. §§ 7410(k)(2)-(4), "the Administrator shall act on" SIP submissions "[w]ithin 12 months of a determination by the Administrator (or a determination deemed by operation of law) . . . that a State has submitted a plan or plan revision (or, in the Administrator's discretion, part thereof)" meeting the applicable minimum criteria, and EPA "shall act on the submission," by whole or partial approval or disapproval, including conditional approval, in whole or in part;

WHEREAS, pursuant to CAA section 110(c)(1), 42 U.S.C. § 7410(c)(1), EPA "shall promulgate a Federal implementation plan at any time within 2 years after the Administrator" either finds that a State has failed to make a complete SIP submission or "disapproves a [SIP] submission in whole or in part";

WHEREAS, pursuant to CAA section 110(a)(1), 42 U.S.C. § 7410(a)(1), "each State shall . . . within 3 years . . . after the promulgation" of the 2015 ozone NAAQS, *i.e.*, by October 1, 2018, "adopt and submit" a SIP to EPA;

WHEREAS, the State of New York submitted seven SIP revisions at issue in this case on the following dates: the Proposed 2015 Ozone Infrastructure SIP revision on September 25, 2018; the Part 220, Portland Cement Plants and Glass Plants – Reasonably

Available Control Technology ("RACT") Determinations SIP revision on December 18, 2013; the Single-Source State Implementation Plan Revisions, RACT Determinations (2010) SIP revision on August 30, 2010; the Single-Source State Implementation Plan Revisions, RACT Determinations (2008) SIP revision on September 16, 2008; the SIP Revisions Incorporating 6NYCRR Part 218, Emission Standards for Motor Vehicles and Motor Vehicle Engines SIP revision on December 12, 2017; the Proposed Revision to State Plan for Large Municipal Waste Combustors SIP revision on July 12, 2013; and the Part 230: Gasoline Dispensing sites and Transportation Vehicles - RACT Variances SIP revision on January 31, 2011;

WHEREAS, Plaintiff alleges that EPA has failed to perform a duty mandated by CAA sections 110(k)(2)-(4), 42 U.S.C. §§ 7410(k)(2)-(4), to take final action to approve or disapprove, in whole or in part, these seven CAA SIP revisions;

WHEREAS, on March 2, 2021, the State of New York withdrew the Part 230: Gasoline Dispensing Sites and Transportation Vehicles - RACT Variances SIP submission, and Plaintiff agrees to dismiss its claim regarding this SIP;

WHEREAS, on September 2, 2021, EPA signed a notice of final rulemaking pursuant to CAA section 110(k)(2)-(4), 42 U.S.C. § 7410(k)(2)-(4) to approve in full the non-interstate transport provisions of the Proposed 2015 Ozone Infrastructure SIP submission, *see* 86 Fed. Reg. 49252, and Plaintiff agrees to dismiss its claim regarding this portion of the Proposed 2015 Ozone Infrastructure SIP submission;

WHEREAS, on September 3, 2021, EPA signed a notice of final rulemaking to approve in full the Proposed Revision to State Plan for Large Municipal Waste Combustors SIP submission, *see* 86 Fed. Reg. 49482, and Plaintiff agrees to dismiss its

claim regarding this SIP;

WHEREAS, Plaintiff seeks, among other things, an order from this Court to establish a date certain by which EPA must fulfill its obligations with respect to the SIP submissions, excluding the Part 230: Gasoline Dispensing Sites and Transportation Vehicles - RACT Variances SIP, Proposed Revision to State Plan for Large Municipal Waste Combustors SIP submission, and the non-interstate transport provisions of the Proposed 2015 Ozone Infrastructure SIP submission, under CAA sections 110(k)(2)-(4), 42 U.S.C. §§ 7410(k)(2)-(4);

WHEREAS, on October 3, 2020, Plaintiff sent EPA a Notice of Intent to Sue ("October 2020 Notice Letter") regarding the SIP submissions of 22 additional states;

WHEREAS, Plaintiff and EPA, by entering into this Consent Decree (the "Consent Decree"), do not waive or limit any claim, remedy, or defense, on any grounds, related to any final EPA action;

WHEREAS, Plaintiff and EPA consider this Consent Decree to be an adequate and equitable resolution of the claims in this case;

WHEREAS, Plaintiff and EPA agree that resolution of this lawsuit without further litigation is in the best interests of the parties, the public, and judicial economy;

WHEREAS, Plaintiff and EPA agree that this Court has subject matter jurisdiction over the matters resolved in this Consent Decree pursuant to the citizen suit provision in CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2), sufficient for the Court to enter this Consent Decree; and

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issues of fact or law, and upon the consent of Plaintiff and Defendant, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## GENERAL TERMS

1.    This Court has jurisdiction to enter this Consent Decree and, pursuant to the Consent Decree, to order the relief stated herein.

2.    This Consent Decree applies to, is binding upon, and inures to the benefit of the parties (and their successors, assigns, and designees).

## EPA ACTIONS

3.    For the interstate transport portion of the Proposed 2015 Ozone Infrastructure SIP submission (CAA section 110(a)(2)(D)(i)(I), 42 U.S.C. § 7410(a)(2)(D)(i)(I), prong 1 and prong 2):

   a.   No later than April 30, 2022, EPA shall sign for publication in the *Federal Register* notice of final agency action to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part, pursuant to sections 110(k)(2)-(4) of the CAA, 42 U.S.C. §§ 7410(k)(2)-(4), the interstate transport portion of the Proposed 2015 Ozone Infrastructure SIP submission.

   b.   Notwithstanding Paragraph 3.a, if by February 28, 2022, EPA signs for publication in the *Federal Register* (i) a proposal of full or partial disapproval of the transport provisions of the Proposed 2015 Ozone Infrastructure SIP submission and (ii) a proposed federal implementation plan to cover those transport provisions for which EPA proposed a full or partial disapproval for New York pursuant to section 110(c) of the CAA, 42 U.S.C. § 7410(c), then EPA shall have until December 15, 2022, to

sign a final action to approve, disapprove, conditionally approve, or
approve in part and conditionally approve or disapprove in part, the
interstate transport provisions of the Proposed 2015 Ozone Infrastructure
SIP submission pursuant to sections 110(k)(2)-(4) of the CAA, 42 U.S.C.
§§ 7410(k)(2)-(4).

4.      Subject to paragraph 7, for the Part 220, Portland Cement Plants and Glass
Plants – RACT Determinations SIP submission, no later than February 29, 2024, EPA
shall sign a notice of final rulemaking pursuant to CAA section 110(k)(2)-(4), 42 U.S.C.
§ 7410(k)(2)-(4) to approve, disapprove, or conditionally approve, in full or in part, the
Part 220, Portland Cement Plants and Glass Plants – RACT Determinations SIP
submission.

5.      Subject to paragraph 7, for the Single-Source State Implementation Plan
Revisions, RACT Determinations (2010) SIP submission, no later than February 29,
2024, EPA shall sign a notice of final rulemaking pursuant to CAA section 110(k)(2)-(4),
42 U.S.C. § 7410(k)(2)-(4) to approve, disapprove, or conditionally approve, in full or in
part, the Single-Source State Implementation Plan Revisions, RACT Determinations
(2010) SIP submission.

6.      Subject to paragraph 7, for the Single-Source State Implementation Plan
Revisions, RACT Determinations (2008) SIP submission, no later than February 29,
2024, EPA shall sign a notice of final rulemaking pursuant to CAA section 110(k)(2)-(4),
42 U.S.C. § 7410(k)(2)-(4) to approve, disapprove, or conditionally approve, in full or in
part, the Single-Source State Implementation Plan Revisions, RACT Determinations
(2008) SIP submission.

7.     If before February 29, 2024, the State of New York withdraws SIP submissions for any of the submissions listed in paragraphs 4-6, the deadline provided in that paragraph will no longer apply.

8.     For the SIP Revisions Incorporating 6 NYCRR Part 218, Emission Standards for Motor Vehicles and Motor Vehicle Engines, no later than February 29, 2024, EPA will take final action approving, disapproving, or approving in part and disapproving in part the SIP Revisions Incorporating 6 NYCRR Part 218, Emission Standards for Motor Vehicles and Motor Vehicle Engines SIP submission. However, if the State of New York withdraws this SIP submission in full or in part before February 29, 2024, EPA shall no longer be subject to this deadline for the withdrawn submission (or any withdrawn portion).

9.     EPA shall, within twenty (20) business days of signature of any final rulemaking required under Paragraphs 3 through 6 and 8, send the rulemaking package to the Office of the Federal Register for review and publication in the Federal Register.

## ADDITIONAL CLAIMS

10.    The following of Plaintiff's claims are hereby dismissed with prejudice: claims regarding Part 230: Gasoline Dispensing sites and Transportation Vehicles - RACT Variances SIP revision on January 31, 2011; Proposed Revision to State Plan for Large Municipal Waste Combustors SIP Submission; and non-interstate transport provisions of the Proposed 2015 Ozone Infrastructure SIP submission.

11.    Upon the entry of this Consent Decree, Plaintiff's October 2020 Notice Letter will be deemed withdrawn and shall be of no legal force or effect. Nothing in this

withdrawal shall be construed as limiting any rights Plaintiff would otherwise have to submit notice letters in the future to EPA alleging violations of law.

### TERMINATION OF CONSENT DECREE AND DISMISSAL OF CLAIMS

12.    After EPA has completed the final actions required by Paragraphs 6 through 8 of this Consent Decree, this Consent Decree shall terminate and the action shall be dismissed with prejudice and without further action of the parties or the Court. EPA may move the Court for an order reflecting that such termination and dismissal has occurred. Plaintiff shall have fourteen (14) days in which to respond to such motion.

### MODIFICATIONS AND EXTENSIONS

13.    Any provision of this Consent Decree—including any deadline in the Consent Decree—may be modified by: (a) written stipulation of the parties, with notice to the Court or (b) the Court following motion of an undersigned party for good cause shown, which may include a showing that the provision sought to be modified is no longer in the public interest. If one of the parties files a motion to modify the Consent Decree pursuant to subsection (b) of this paragraph, the non-moving party may file a response or opposition within fourteen (14) days. Before filing any motion under subsection (b) of this paragraph, the moving party shall follow the dispute resolution process set forth in paragraph 14 below.

### DISPUTE RESOLUTION

14.    In the event of a dispute between Plaintiff and EPA concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with written notice outlining the nature of the dispute and

requesting informal negotiations. The parties shall meet and confer by phone or videoconference to attempt to resolve the dispute. If the parties are unable to resolve the dispute within thirty (30) days after receipt of the notice of dispute, either party may petition the Court to resolve the dispute.

15.     No party may file a motion to enforce this Consent Decree or for contempt of Court without first following the procedure set forth in paragraph 14.

## CONTINUING JURISDICTION

16.     This Court shall retain jurisdiction to enforce the terms of this Consent Decree and to consider any requests for costs of litigation, including attorneys' fees.

17.     Nothing in this Consent Decree shall be construed to confer upon this Court jurisdiction to review any final rule or determination issued by EPA pursuant to this Consent Decree.

## RESERVATIONS

18.     Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the Clean Air Act or by general principles of administrative law. EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

19.     Nothing in this Consent Decree shall be construed as an admission of any issue of fact or law. By entering into this Consent Decree, Plaintiff and EPA do not waive or limit any claim, remedy or defense, on any grounds, related to any proposed or final action EPA takes with respect to the matters addressed in this Consent Decree.

## ATTORNEYS' FEES

10

20.     The deadline for Plaintiff to file a motion for costs of litigation (including attorneys' fees) for work performed prior to entry of the Consent Decree is hereby extended until ninety (90) days after this Consent Decree is entered by the Court. During this period, the Parties shall seek to resolve informally Plaintiff's claim for costs and attorneys' fees. If they cannot, Plaintiff may file a motion for such costs and fees. EPA reserves the right to oppose any such motion.

21.     Plaintiff reserves the right to seek additional costs of litigation (including reasonable attorneys' fees) incurred subsequent to entry of this Consent Decree. EPA reserves the right to oppose any such request for additional costs of litigation (including attorneys' fees). If Plaintiff intends to file a motion for any such additional costs of litigation, including attorneys' fees, Plaintiff agrees to confer with EPA at least fourteen (14) days before filing such request to assess the potential to resolve the claim informally.

## MUTUAL DRAFTING; HEADINGS

22.     This Consent Decree was jointly drafted by Plaintiff and EPA. The parties agree that any rule of construction to the effect that ambiguity is construed against the drafting party is inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

23.     Headings contained in this Consent Decree are for the convenience of the reader only and shall not affect the meaning of any of the Consent Decree's terms.

## NOTICE AND CORRESPONDENCE

24.     Any notices required or provided for by this Consent Decree shall be in writing by e-mail sent to each of the following counsel (or to any new address of the parties' counsel as filed and listed in the docket for this case):

<u>For Plaintiff:</u>

Christopher A. Sproul, Esq.
Environmental Advocates
5135 Anza Street
San Francisco, CA 94121
Tel: (415) 533-3376
Fax: (415) 358-5695
Email: csproul@enviroadvocates.com


Annie Beaman
Our Children's Earth Foundation
1625 Trancas St. #2218
Napa, CA 94558
Tel: (510) 910-4535
Email: annie@ocefoundation.org


<u>For Defendant:</u>

Peter Aronoff
*Assistant United States Attorney*
U.S. Attorney's Office
Southern District of New York
86 Chambers Street
New York, New York 10007
Telephone (212) 637-2697
Email: peter.aronoff@usdoj.gov


## APPROPRIATED FUNDS AND FORCE MAJEURE

25.     Plaintiff and EPA recognize and acknowledge that the obligations

imposed upon EPA under this Consent Decree can only be undertaken using appropriated

funds legally available for such purpose. No provision of this Consent Decree shall be

interpreted as or constitute a commitment or requirement that the United States obligate

or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other

applicable provision of law.

26.     EPA and Plaintiff recognize that circumstances outside the reasonable control of EPA could delay EPA's ability to comply with the obligations contained in this Consent Decree. Should such a delay occur because of a lapse in appropriations by Congress resulting in a government shutdown within one hundred twenty (120) days prior to a deadline set forth in this Consent Decree, such deadline shall be extended automatically one day for each day of the shutdown. No notice is required in connection with a lapse in appropriations resulting in a government shutdown. Nothing in this Paragraph shall preclude EPA from seeking an additional extension of time through modification of this Consent Decree pursuant to Paragraph 14.

## PUBLIC NOTICE; EFFECTIVE DATE

27.     Before this Consent Decree can be finalized and entered by the Court, EPA will publish notice of this Consent Decree in the *Federal Register* and provide an opportunity for public comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g). After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any written comments in determining whether to withdraw or withhold their consent to the Consent Decree, in accordance with CAA section 113(g). If the Administrator and/or the Attorney General withdraw or withhold consent pursuant to CAA section 113(g), this agreement shall be void and its terms may not be used as evidence in any litigation between the parties. If the Administrator and/or the Attorney General do not elect to withdraw or withhold consent, EPA shall promptly file a motion that requests that the Court enter this Consent Decree.

28.     This Consent Decree shall become effective upon the date of its entry by the Court.

29.     If for any reason the Court declines to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either party and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the parties.

### REPRESENTATIVE AUTHORITY

30.     The undersigned representatives of Plaintiff and Defendant certify that they are fully authorized by the parties they represent to consent to the Court's entry of the terms and conditions of this Consent Decree.

### COMPLETE SETTLEMENT

31.     This Consent Decree constitutes a complete settlement of all allegations and claims in this matter, with the exception of Plaintiff's claims for costs and attorneys' fees, which shall be addressed as set forth above in paragraphs 20 and 21.

**The Clerk is directed to mark this case as closed.**

**However, this Court retains jurisdiction to enforce this consent decree and to consider any request for fees or costs.**

**SO ORDERED.**
**January 19, 2022**

_____
J. PAUL OETKEN
United States District Judge

For Plaintiff:

_____
Christopher Sproul (State Bar No. 126398)
ENVIRONMENTAL ADVOCATES
5135 Anza Street
San Francisco, California 94121
Telephone: (415) 533-3376
Fax: (415) 358-5695
Email: csproul@enviroadvocates.com,

14

Attorney for Plaintiff
Our Children's Earth Foundation

Dated: __1/13/2022__

For Defendant:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____

Peter Aronoff
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007

Dated: __1/13/2022__